ANGEL ROSENDO IRIZARRY, Plaintiff and Appellee, *v.* PORTO RICO AUTO CORPORATION ET AL., Defendants and Appellants.

No. 8482. Argued January 19, 1942.—Decided February 24, 1942.

*Francis & Belaval* for appellants. *R. Atiles Moréu* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Angel Rosendo Irizarry, domiciled in Ponce, sued the Porto Rico Auto Corporation and Enrique Ferrer, the agent of said corporation in Ponce, to recover $5,000 as damages for slander. The case went to trial and the court found for the plaintiff on November 5, 1941, and adjudged the defendants to pay to the plaintiff $600, together with costs and $150 as attorney's fees.

The defendants took an appeal to this court and filed the transcript of the record on the 9th of last January. Next day the plaintiff filed a motion to dismiss the appeal as frivolous because the same had not been taken in good faith. Rule 59 of the Supreme Court. Code of Civil Procedure (1933 ed.), p. 291.

On the 19th of the same month the motion was heard. The plaintiff-appellee failed to appear at the hearing but filed a brief in support of his motion. The defendant-appellants appeared by counsel, argued the case orally, and filed a written opposition to the motion.

The trial court in its opinion, after summarizing the pleadings of both parties and referring to the trial, where the plaintiff, besides his own testimony, introduced that of the witnesses Carmelo Torres, Angel C. García, Angel M. Hernández, and Robustiano Falcón, the last three being policemen, and the defendants as their whole evidence presented the testimony of the defendant Enrique Ferrer, made the following findings:

"That the Porto Rico Auto Corporation is a corporation organized under the laws of Puerto Rico and registered in the office of the Executive Secretary of Puerto Rico, and has a principal office in San Juan, Puerto Rico, and a branch in Ponce.

"That at the time of the facts complained of, the Porto Rico Auto Corporation was under the management and exclusive control of defendant Enrique Ferrer, its agent or general manager of said branch in Ponce.

"That at that time the plaintiff, Angel Rosendo Irizarry, was employed in said branch as the person in charge of the spare-parts department, which position he held until March 17, 1940.

"That on March 17, 1940, at about 11:30 p. m., Enrique Ferrer noticed the disappearance from the showroom of the Ponce branch of a new Packard automobile, license plate No. X–1717, and immediately called at the residence of Angel Rosendo Irizarry, who had the keys to the premises which he could freely enter, and demanded from Irizarry that he state where he had hidden the missing automobile, and charged him with stealing the same from the showroom, claiming that the only person who could have done so was the plaintiff himself.

"That when both (the plaintiff and said codefendant) reached the garage, they noticed that the lock had been tampered with and broken, and Ferrer charged the plaintiff with the theft of the car, notwithstanding the insistent protests of plaintiff, and with having broken the lock as a trick done by the plaintiff in order to hide his crime and mislead the authorities.

"That said codefendant insisted that the plaintiff was the perpetrator of the theft and pressed him to tell where the collision had ocurred so as to go and fetch the car and that if it was not found he would call the police to arrest him for the theft of the car.

"That the codefendant Enrique Ferrer told the policeman Angel M. Hernández that the plaintiff Angel Rosendo Irizarry was the person who was driving the car, and urged him to arrest him on sight.

"That Ferrer stated to the policeman Angel Cecilio García that it was the plaintiff who took the car, went on a spree, and caused it to collide.

"The court is convinced of the existence of the charges made by Ferrer against the plaintiff to the effect that the latter had stolen the car, had gone on a spree, and had caused it to collide. The court does not doubt that said charges had been heard by persons other than the policemen, the plaintiff, or the defendants.

" 'Irizarry is the person responsible for the theft,' testified Carmelo Torres who was present and heard a conversation between policeman Hernández and defendant Ferrer, and heard the statements made by that defendant to the policeman."

The court went on to decide the question of whether or not the communication made by defendant Ferrer was priviledged, saying:

"This court has carefully examined the whole evidence and finds that the communication to the police was qualifiedly privileged. The communication to Carmelo Torres and to the boy who confessed to having stolen the car was not at all privileged, as they were strangers, persons other than the plaintiff or the defendants.

"Although the statements made to the police in the present case, were qualifiedly privileged, said privilege was exceeded and abused, since those statements were not made in good faith nor based on a reasonable and probable cause, nor founded on facts leading Ferrer to believe that the plaintiff had committed the theft.".

Referring to the conduct of codefendant Ferrer and the lack of probable cause, the court said:

"The plaintiff had the keys to the showroom and free access to it and, therefore, the defendant Ferrer should not have inferred that the plaintiff had broken the lock in order to mislead the authorities.

"The conduct of Ferrer in ordering the police to arrest and investigate the plaintiff, or to arrest him for questioning, shows an absolute disregard of the plaintiff's rights, as there was no evidence or probable cause to warrant such detention or arrest.

"An honest investigation made in good faith was the proper thing to do, without making capricious charges and without ordering the arrest of the plaintiff in order to investigate afterwards. Although the arrest was not actually made, inasmuch as the car was subsequently found, we think that the communication to the police was unnecessary and negligently excessive, and there was a forfeiture of the privilege, said communication being malicious within the meaning of the statute."

The court went on to state its findings as to the imputation of theft, by whom made and in what form, and the legal consequences thereof, thus:

"The court finds that the defendant Ferrer, acting within the scope of his employment as the agent and general manager of the branch of his codefendant Porto Rico Auto Corporation and in the exercise of his functions, charged the plaintiff with theft and publicly accused him of the commission of a public offense.

"Our Supreme Court has already held that to call a person 'a thief' is actionable *per se*. (*Jiménez* v. *Díaz Caneja*, 14 P.R.R. 9,

and *Palou* v. *Ríos*, 23 P.R.R. 337.) Where an imputation actionable *per se* is involved, malice is conclusively presumed and it is unnecessary to prove it.

"The recent case of *Mulero* v. *Martínez*, 58 P.R.R. 322, is perfectly applicable to the facts herein. In the cited case our Supreme Court said:

" 'The charge of theft made by a landlord to his tenant, gives to the latter a right of action against the former if made in the presence of persons who have no relation with the offender to give the communication a privileged character.

" 'Malice is an essential element of an action in damages for libel; this is not so in an action in damages for slander, wherein it is enough that the publication is false or illegal.

" 'Both in libel and in slander, publication is an essential element. It is only when the defamatory charges are communicated in writing or by word of mouth to a person different from that defamed or slandered that the necessary publication exists which may give rise to a cause of action.

" 'When the defamatory and slanderous statements charge the commission of a crime, the legal presumption of innocence is *prima facie* evidence of the falsity of the charge and of the lack of probable cause. Once the fact of publication is established, it is up to the defendant to prove in his defense the truth of the facts charged.

" 'When the commission of an act which constitutes a crime is charged, the libel or slander is actionable *per se*. In the action for damages arising therefrom, the plaintiff does not have to prove that he suffered damages in his business because the question of whether or not he was a merchant on the date of the charge, is immaterial.' ''

The court then insisted that the falsity of the charge was shown and added that the communication not only was made to the policemen but was heard by other people, and established the import of such fact under the decisions in the following language:

"The evidence showed that the charge made by said codefendant against the plaintiff was false and illegal. There is evidence to the effect that more than one stranger heard of the charge made by Ferrer against the plaintiff. It is sufficient if it be made known to only one person, even though such person does not believe the charge.

" 'A second fundamental principle in regard to the publication of defamatory matter is that it is not necessary in matters of libel

6

or slander that the defamation should be made known to the public generally, or even to a considerable number of persons. It is sufficient if it be communicated to only one person other than the person defamed, and such a publication suffices even though such person does not believe what is said of the person defamed, at least when the words are uttered maliciously. This is true for the reason that the injury to the reputation of the plaintiff it not the sole element of injury, and the jury has a right to consider also the mental suffering of the person slandered.' 17 Ruling Case Law 315; 36 Corpus Juris 1227.''

Lastly, referring to the damages caused and to the liability of defendant Porto Rico Auto Corporation, the court concluded as follows:

''It is unquestionable that the publication of the charge constituting a public offense, and the word 'thief' uttered against the plaintiff, have injured his reputation and his prestige in the community and, of course, have inflicted on him mental suffering, and this is the natural consequence of the false and illegal publication. Damages are presumed and need not be proven. (*Rivera* v. *Martínez*, 26 P.R.R. 692; *Franco* v. *Martínez*, 29 P.R.R. 221; *Mulero* v. *Martínez*, 58 P.R.R. 322.)

''The court deems it unnecessary, in accordance with the doctrine laid down in *Mulero* v. *Martínez, supra*, to base its judgment on any evidence of special damages, since the plaintiff need not show that his trade °or business has been injured, such fact being immaterial for damages are presumed in cases of this kind.

''The liability of the defendant Porto Rico Auto Corporation for the acts of its agent and general manager of its Ponce branch who acted within the scope of his employment and in the exercise of his functions, is evident:

'' 'Slander—Majority Rule. Most courts hold a corporation liable for slander under the same conditions as it would be liable for libel. The rule generally prevailing and supported by the overwhelming weight of authority is that a corporation is liable for slander uttered by its officer, agent, or employee with its authority or within the scope of his employment in the course of the corporate business in which he is engaged or employed. This rule is applicable although the corporation has no knowledge of the slander and does not approve of it and whether the individual uttering the slander is a managing officer or a mere agent. Under this rule it has been held that to

charge a corporation with slander for words spoken by its agent, the evidence need only show that the words spoken were within the apparent scope of the agent's employment or be sufficient to imply an authority to represent the company in their utterance. If there is evidence from which it can reasonably be inferred that the words were spoken within the scope of the agent's authority, the question whether the authority may be implied is for the jury; but when only one inference may be drawn and that one is that there was lack of authority in such respect, the question is for the court.' (13 American Jurisprudence, pp. 1053, 1055, No. 1127.) (19 Corpus Juris Secundum, pp. 958, 959, § 1280 (b).)''

 We have examined the transcript of the record and we think that it supports the findings made by the trial court. The law and the jurisprudence have been properly stated and applied to the facts of the case. A frivolous appeal is indeed involved which should be dismissed under the rules of this court.

We have carefully read appellants' lengthy motion in opposition to the dismissal sought, and it has failed to raise any serious doubt in our minds. We think that if we were to withhold a final decision on the merits at this time, it would only serve to delay the execution of the judgment, inasmuch as the same conclusion would always have to be reached.

The motion must be sustained and, consequently, the appeal will be dismissed and the judgment affirmed.

Mr. Justice Travieso did not participate herein.